UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD HARRIS,

   Plaintiff,

  v.

(FNU) DECK, Nurse; (FNU) WORTON
Correctional Officer; JOHN MYRICK,
Superintendent; STEVE SHELTON,
Medical Director; and JOHN AND JANE
DOES, 1-20,

   Defendants.

Case No. 2:17-cv-01811-MC

ORDER

MCSHANE, District Judge:

  Plaintiff, a former inmate at the Oregon State Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 and alleged that defendants subjected him to cruel and unusual punishment and violated his substantive due process rights. Defendants now move to dismiss plaintiff's Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b).

  Since plaintiff filed his Complaint in November 2017, he has submitted no further filings in this case. Since January 2018, legal mail sent to plaintiff has been returned as undeliverable. (ECF Nos. 10, 15, 20) Plaintiff has not notified the Court or opposing counsel of a new address, and according to defendants, plaintiff was released from custody in late November.

1 - ORDER

Local Rule 83-10(a) requires "every unrepresented party" to notify the Clerk's office of any change in address. Local Rule 83-12 permits the Court to strike appropriate pleadings, enter a default, or dismiss an action if an unrepresented party's failure to update an address continues for sixty days. Here, plaintiff's failure to provide an updated address has continued for more than sixty days, and he has not responded to defendants' motion.

It is well established that a court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal for failure to prosecute and failure to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (dismissal for noncompliance with local rule). In determining whether to dismiss an action for lack of prosecution or the failure to comply with local rules, this Court must consider several factors: 1) the public's interest in the expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642-43.

Here, legal mail sent to plaintiff has been returned since January and plaintiff has not updated his address in accordance with Local Rule 83-10(a). Plaintiff has not responded to defendants' motion to dismiss or taken any other action to prosecute his claims. Consequently, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The risk of prejudice to defendants also weighs in favor of dismissal, as a presumption of injury arises from an unreasonable delay in prosecuting an action. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

These three factors greatly outweigh the fourth factor of favoring disposition of cases on their merits – particularly when plaintiff has effectively abandoned his case, failed to notify the Court or counsel of his new address, and left the Court and counsel with no means to communicate with him. Accordingly, as to the fifth factor, I find that no lesser alternative other than dismissal without prejudice is feasible.

## CONCLUSION

Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 21) is GRANTED, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 21st day of June, 2018.

                                                        s/Michael J. McShane
                                                        Michael McShane
                                                        United States District Judge